GONZALES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-106-CR

ANTHONY VARGAS GONZALES APPELLANT

A/K/A ANTHONY GONZALES

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Anthony Vargas Gonzales guilty of the offense of aggravated assault with a deadly weapon.  Appellant pleaded true to a repeat offender allegation, and the trial court sentenced him to twenty-five years’ confinement.  In two points, Appellant complains (1) that the State engaged in improper jury argument and (2) that his trial counsel rendered ineffective assistance by failing to request a jury instruction to disregard the State’s improper jury argument.  We affirm.

THE JURY ARGUMENT

Because both of Appellant’s points are interrelated, we will lay out a brief factual background concerning the complained-of argument.  Appellant was tried for assaulting his ex-girlfriend Melissa Carr by forcing a loaded revolver into her mouth and threatening her after she told him that she wanted him out of her life.  During his opening statement, Appellant presented his theory of the case, which was that Carr was untruthful and “fabricated this whole thing” with her new boyfriend Javier Montez. 

When Appellant questioned the State’s witnesses, he elicited testimony that Carr did not want him around anymore, that her teeth were not injured during the assault, and that Officer William Bench, who based his testimony on Carr’s statements to him, did not actually witness the assault.  The State addressed Appellant’s defensive theory as follows in its closing argument:

Now, the theory of the defense is that she lied about it.  She made the whole thing up.  Her and Javier were in cahoots together.  I would like for you to expect in his argument to explain these bruises on her neck and this lip.  If you are going to make up my ex-boyfriend, the father of my children is a crazy guy attacking me, do you really bust your lip that bad?  Do you bust it in such a way that you have the presence of your mind creating this fantasy that the sight on a gun coincidentally makes the split lip mark?

Do you remember, Oh, but if I’m going to say he stuck a gun in my throat, we’d better scratch the back of my throat, too?  If you’re going to do all those injuries, why in the heck are you going to choke yourself, too?

Make him explain that.  If that’s the theory, make him explain why you don’t just say, Oh, he slapped me.  Oh, he’s got a gun, he’s threatening me, why you don’t just do that.

And after he explains that, if he can, make him explain why an officer can say, I would like to speak to Anthony.  This is Anthony. 

[DEFENSE COUNSEL]:  Your Honor, I object to his “make him explain” argument to shifting the burden, commenting on my client’s decision not to testify.

THE COURT:  Sustained.

[DEFENSE COUNSEL]:  Move for mistrial, Your Honor.

THE COURT:  Denied. 

[STATE]:  If he didn’t shove a gun in Melissa’s mouth, why would he be asked by the police, “Is this Anthony?”

”Yes, it is.”

”Anthony, you need to come out.  We have a warrant for your arrest for assault.”

Why did Anthony run out the back door with his girlfriend?  The officer called it an exit, but we know what kind of exit it was.  If he’s not guilty, why did he exit in such a way?  That’s what I want you to ask yourself. 

Appellant’s two points on appeal concern his objection to the State’s “make him explain” argument. 

PRESERVATION OF ERROR

In his first point, Appellant asserts that the State’s “make him explain” argument was improper because the State commented on his failure to testify. 
See
 
Tex. Code Crim. Proc. Ann
. art. 38.08 (Vernon 1979).
(footnote: 2)  The State responds that Appellant failed to preserve his complaint for our review when he did not request that the trial court instruct the jury to disregard the State’s argument. 

To preserve any error from improper jury argument, a party must object to the argument and pursue the objection to an adverse ruling.  
Tex. R. App. P
. 33.1; 
Simpson v. State
, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003), 
petition for cert. filed
, (Feb. 23, 2004) (No. 03-9167); 
Valencia v. State
, 946 S.W.2d 81, 81 (Tex. Crim. App. 1997); 
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1173 (1997).  A party must therefore object to the argument, request an instruction for the jury to disregard, and then move for a mistrial.  
Cockrell
, 933 S.W.2d at 89; 
Cook v. State
, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); 
Barnes v. State
, 70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 2002, pet. ref’d).

Here, Appellant did not request an instruction for the jury to disregard.  Accordingly, we hold that Appellant’s first point is waived, and we overrule it on that basis.
(footnote: 3)  
See
 
Tex. R. App. P
. 33.1; 
Simpson
, 119 S.W.3d at 268; 
Cockrell
, 933 S.W.2d at 89; 
Calderon v. State
, 950 S.W.2d 121, 138 (Tex. App.—El Paso 1997, no pet.) (holding complaint regarding improper jury argument not preserved where defendant objected and obtained a curative instruction, but failed to request a mistrial); 
Campos v. State
, 946 S.W.2d 414, 418 (Tex. App.—Houston [14
th
 Dist.] 1997, no pet.) (holding defendant failed to preserve complaint about improper jury argument by failing to obtain a ruling on his request for an instruction to disregard).

INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point, Appellant argues that he received ineffective assistance of counsel because his trial counsel did not request a jury instruction to disregard the State’s “make him explain” argument.  For the reasons we discuss below, we cannot say that counsel was ineffective for failing to request a jury instruction to disregard the State’s “make him explain” argument since, viewed in context, the argument was not objectionable.  
See Turner v. State
, 87 S.W.3d 111, 116 (Tex. Crim. App. 2002), 
cert. denied
, 123 S. Ct. 1760 (2003); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

The State maintains that its argument was a response to opposing counsel, not Appellant, in which it asked the jury to evaluate Appellant’s counsel’s anticipated closing argument by listening to whether counsel explained the asserted deficiencies in his defensive theory.  We agree with the State.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  Generally, a prosecutor may not comment upon a defendant’s failure to testify. 
See 
Tex. Code Crim. Pro. Ann
. art. 38.08; 
Griffin v. California,
 380 U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965); 
Bustamante v. State,
 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  The State may comment, however, on a defendant’s failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify.  
Jackson v. State
, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

Further, responding to opposing counsel’s argument is a permissible area of jury argument.  
Canales v. State
, 98 S.W.3d 690, 695 (Tex. Crim. App.), 
cert. denied
, 124 S. Ct. 806 (2003); 
Hernandez v. State
, 114 S.W.3d 58, 63 (Tex. App.—Fort Worth 2003, pet. ref’d).  In examining Appellant’s challenge to the State’s jury argument, we are to consider the State’s remarks in context.  
Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); 
Roy v. State
, 997 S.W.2d 863, 869 (Tex. App.—Fort Worth 1999, pet. ref’d).

Here, it is evident that the State’s comments referred to Appellant’s counsel’s arguments, not Appellant, in the statement “I would like for you to expect in his argument to explain these bruises on her neck and this lip.”  Moreover, when the State made its jury argument, the evidence was concluded, and the jury knew that Appellant’s counsel’s argument would be next.  Thus, the jury would not have necessarily construed the State’s argument as a comment on Appellant’s own failure to testify.  
See
 
Canales
, 98 S.W.3d at 695 (upholding prosecutor’s comment that referred to the appellant’s failure to explain a letter as a response to the argument of appellant’s lawyer); 
Villarreal v. State
, 79 S.W.3d 806, 813 (Tex. App.—Corpus Christi 2002, pet. ref’d) (holding that State’s argument “referr[ed] to appellant’s counsel’s lack of plausible suggestions” and did not constitute an impermissible comment on appellant’s failure to testify).

Upon viewing the argument in context, we hold that the State’s remark was made in response to Appellant’s counsel’s argument and was not phrased such that the jury would necessarily and naturally have taken the remark as a comment on Appellant’s failure to testify.  
See
 
Canales
, 98 S.W.3d at 695; 
Jackson
, 17 S.W.3d at 674; 
Villarreal
, 79 S.W.3d at 813.  Accordingly, we hold that Appellant’s counsel was not ineffective in failing to request a jury instruction to disregard the State’s “make him explain” argument.  
See Turner
, 87 S.W.3d at 116; 
see also Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  We overrule Appellant’s second point.

CONCLUSION

Having overruled both of Appellant’s points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  GARDNER, LIVINGSTON, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Article 38.08 provides, “Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.”  
Id
. art. 38.08.

3:
Throughout much of his brief, Appellant challenges the constitutionality of 
Cockrell
 and 
Tex. R. App. P.
 33.1 insofar as they preclude our review of unpreserved error.  We need not reach this complaint, however, because we reach the merits of Appellant’s first issue in our discussion of his ineffective assistance claim.