Celestino **VILLARREAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–01–00100–CR.

Court of Appeals of Texas,
Corpus Christi.

June 27, 2002.

---

**3.** Acts of April 20, 1995, 74th Leg., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 172.

Thomas F. Greenwell, Attorney at Law, Corpus Christi, for Appellant.

Carlos Valdez, Nueces County District Attorney, Douglas K. Norman, Assistant District Attorney, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

**OPINION**

HINOJOSA, Justice.

A jury found appellant, Celestino Villarreal, guilty of the offense of burglary of a habitation with intent to commit theft.[1] After he pleaded true to an allegation in

1. *See* TEX. PEN. CODE ANN. § 30.02 (Vernon Supp.2002).

the indictment that he was a repeat felony offender, the trial court assessed appellant's punishment at twenty-five years imprisonment. By four points of error, appellant contends: (1) the evidence is legally and factually insufficient to sustain his conviction; (2) the trial court erred in overruling his objection to the prosecutor's comment that he failed to testify; and (3) the trial court erred in denying his motion for new trial based on newly discovered evidence. We affirm.

## A. BACKGROUND

After receiving a report of a burglary, Corpus Christi police were dispatched to the residence of Jason Stradtner and his roommate, Joel Sullivan. At the scene, a police officer noticed that a rear door from the garage to the outside had been forced open and that a door between the garage and the residential part of the house had also been forced open. The frame of the door was cracked, and the hardware from the door was lying on the kitchen floor. Inside, the two bedrooms of the house had been "ransacked" with items moved, papers thrown about, and drawers opened.

Stradtner testified he called the police after returning home and finding the forced entry and ransacked bedrooms. Stradtner's checkbooks and $200.00 in cash were missing. Several items in Stradtner's room were displaced and papers were thrown everywhere. In Sullivan's room, Stradtner found Sullivan's gym bag filled with compact discs ("CD") and covers.

Sullivan testified that the CDs belonged to him and that he kept between thirty-five to forty CDs in his room. Sullivan admitted that he had lent out one or two of the CDs to a long-time friend for about two weeks. Neither Stradtner nor Sullivan knew appellant, and neither roommate had

given him permission to be in the house on June 5, 2000, the day of the burglary.

A crime scene technician dusted the house for fingerprints, including anything that might have been moved or touched during the burglary. The technician was able to lift fingerprints from one or more CD covers, a digital clock radio, a small pocket television, and a computer. Later, Katrina Aggelopoulos, a latent fingerprint examiner with the Corpus Christi Police Department, determined that fingerprints taken from one or more CD covers belonged to appellant.

## B. SUFFICIENCY OF THE EVIDENCE

By his first point of error, appellant complains the evidence is legally insufficient to support his conviction. By his second point of error, appellant contends the evidence is factually insufficient to support his conviction. Appellant asserts that evidence of fingerprints on a small portable object, such as a CD cover, is neither legally nor factually sufficient to permit a jury to find all the elements of the offense of burglary of a habitation beyond a reasonable doubt, because it fails to show that the fingerprints were left on the CD cover during the commission of the offense.

### 1. *Standard of Review*

When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In conducting this analysis, we may not re-weigh the evidence and substitute our judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562

(Tex.Crim.App.2000). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex.Crim.App.1999); *Vela v. State*, 771 S.W.2d 659, 660 (Tex. App.—Corpus Christi 1989, pet. ref'd).

 When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if (1) the evidence is so weak as to be clearly wrong and manifestly unjust or (2) the verdict is against the great weight of the evidence. *Johnson*, 23 S.W.3d at 11. We are not bound to view the evidence in the light most favorable to the prosecution, and may consider the testimony of all the witnesses. *Id.* at 10–12. Disagreeing with the fact finder's determination is appropriate only when the record clearly indicates that such a step is necessary to arrest the occurrence of a manifest injustice; otherwise, due deference must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. *Id.*

### 2. Analysis

 To establish the offense of burglary of a habitation with intent to commit theft, the State must prove that the defendant entered a habitation without the effective consent of the owner, with the intent to commit a theft. TEX. PEN. CODE ANN. § 30.02(a)(1) (Vernon Supp. 2002).

It is undisputed that someone pried open the rear door leading into Stradtner's garage from the outside and the door leading from the garage to the inside of the home. The frames of both doors were broken and hardware from the interior door was found on the kitchen floor. Neither Stradtner nor Sullivan ever gave appellant consent to enter the home. Stradtner's checkbooks and $200.00 in cash were taken from his room.

As to the identity of the burglar, the record establishes that fingerprints, positively identified as those of appellant's, were found on one or more CD covers located in Sullivan's bedroom. Appellant contends the evidence fails to show that his fingerprints were left on a CD cover during the commission of the offense. He argues that since fingerprints can remain on a CD cover for a number of years, his fingerprints possibly could have been placed on the CD cover prior to the offense, such as when Sullivan loaned CDs to his friends, or when there was a party at the house, or before Sullivan purchased the CDs.

 Generally, fingerprint evidence alone will be sufficient to sustain a conviction if the evidence shows that the prints were necessarily made at the time of the burglary. *Bowen v. State*, 460 S.W.2d 421, 423 (Tex.Crim.App.1970); *Nieto v. State*, 767 S.W.2d 905, 908 (Tex.App.-Corpus Christi 1989, no pet.). One important factor in determining the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was accessible to the defendant. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex.Crim.App.1980).

 After reviewing the record, we conclude appellant's argument—that his fingerprints could have been left on the CD covers at a time other than during the commission of the offense—is unsupported by the record. Sullivan testified that of the thirty-five to forty CDs he kept in his room, he only lent out one or two of them to a close friend with an understanding that no one else was to use them. Sullivan purchased all the CDs new and when either roommate had guests in the home, the guests did not have permission to enter Sullivan's room. Stradtner and Sullivan both testified that they did not know appellant and knew no reason for him to be

in the house on the day of the burglary. Taken as a whole, the evidence tends to show that the fingerprints were necessarily made at the time of the burglary and negates the probability that they were made prior to the time of the burglary. *See Phelps*, 594 S.W.2d at 436; *Nieto*, 767 S.W.2d at 908. Evidence is sufficient even though highly unlikely possibilities could account for the presence of the defendant's fingerprints in a manner consistent with innocence. *Nieto*, 767 S.W.2d at 909.

We conclude that any rational trier of fact could have found the essential elements of the offense of burglary of a habitation with intent to commit theft beyond a reasonable doubt. Therefore, we hold the evidence is legally sufficient to support appellant's conviction. Appellant's first point of error is overruled.

We further conclude the evidence is not so weak as to be clearly wrong and manifestly unjust or that the verdict is against the great weight of the evidence. Therefore, we hold the evidence is factually sufficient to support appellant's conviction. Appellant's second point of error is overruled.

### C. PROSECUTOR'S COMMENT

■ By his third point of error, appellant contends the trial court erred in overruling his objection to the prosecutor's comment that he failed to testify. Specifically, .appellant complains of the following portion of the State's final argument:

I do not have to prove to you beyond a reasonable doubt that five years ago that maybe he touched it, maybe not. No, no. Your job is look at reason and common sense. My job is to say that man did it. And how do I do it? I tell you, listen, his fingerprints are there. It's the best evidence, better than DNA, better than eyewitness. How does [sic] his fingerprints get on that CD cover?

He can't even offer a suggestion how that -

After appellant objected, the trial court overruled the objection and the prosecutor continued:

He cannot answer that question of how this Defendant's fingerprints got on it. All they can do is throw out suggestion. And what is his suggestion? That maybe Mr. Villarreal five—four or five years ago somehow touched the same exact CD that Mr. Joel Sullivan bought and that somehow it remained on the CD five years later, keeping in mind that Mr. Sullivan has played the CD.

Appellant asserts these remarks violated article 38.08 of the Texas Code of Criminal Procedure, and the self-incrimination provisions of the United States and Texas Constitutions, by specifically referring to appellant's failure to answer the question of how his fingerprints were placed on the CD cover.

■ A comment upon a defendant's failure to testify violates the Fifth Amendment of the United States Constitution, Article I, Section 10 of the Texas Constitution, and article 38.08 of the Texas Code of Criminal Procedure. *Griffin v. California*, 380 U.S. 609, 613, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Cook v. State*, 702 S.W.2d 597, 599 (Tex.Crim.App.1984); *Bird v. State*, 527 S.W.2d 891, 893 (Tex. Crim.App.1975). To violate appellant's constitutional and statutory rights, the objectionable comment, viewed from the jury's perspective, "must be manifestly intended to be or of such a character that the jury would necessarily and naturally take it as a comment on the accused's failure to testify." *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex.Crim.App.1999) (quoting *Banks v. State*, 643 S.W.2d 129, 134 (Tex.Crim.App. 1982)). The argument is improper if it directs the jury's attention to an absence of testimony only the defendant could sup-

ply. *Moore v. State*, 849 S.W.2d 350, 352 (Tex.Crim.App.1993) (Baird, J., concurring). However, if the language used can be reasonably construed as referring to the appellant's failure to produce evidence other than his own testimony, it is not an improper remark. *Nowlin v. State*, 507 S.W.2d 534, 536 (Tex.Crim.App.1974). The facts and circumstances of each case must be analyzed to determine whether the language directs the jury to the defendant's failure to testify. *Dickinson v. State*, 685 S.W.2d 320, 323 (Tex.Crim.App. 1984).

■ In his final argument, appellant's counsel suggested several scenarios of how appellant's fingerprints may have been placed on the CD covers, including, when friends were visiting, when the CDs were loaned to a friend, or when the CDs were originally purchased. The prosecutor may answer opposing counsel's jury argument so long as the response does not exceed the scope of the invitation. *Andujo v. State*, 755 S.W.2d 138, 144 (Tex.Crim.App. 1988); *Martinez v. State*, 851 S.W.2d 387, 389 (Tex.App.-Corpus Christi 1993, pet. ref'd). The record reflects the prosecutor was responding to appellant's counsel's final argument, suggesting how the fingerprints might have been left on the CD covers.

■ Accordingly, we conclude the prosecutor was referring to appellant's counsel's lack of plausible suggestions and not commenting on appellant's failure to testify. This is proper even if the comment indirectly alluded to the defendant's failure to testify. *Porter v. State*, 601 S.W.2d 721, 723 (Tex.Crim.App.1980); *Martinez*, 851 S.W.2d at 390. A mere implication or indirect allusion to a defendant's failure to testify will not result in reversible error. *Staley v. State*, 887 S.W.2d 885, 895 (Tex.Crim.App.1994); *Allen v. State*, 693 S.W.2d 380, 386 (Tex.

Crim.App.1984). We cannot conclude that the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it to be a comment on the failure of the appellant to testify. *See Fuentes*, 991 S.W.2d at 275.

■ Further, the court's charge instructed the jury that a defendant's election not to testify could not be taken as a factual circumstance against him and could play no role in the jury's deliberation. We conclude the prosecutor's comment was not so blatant that it rendered an instruction to disregard ineffective. Thus, any error was cured by the trial court's instruction to disregard. *Moore v. State*, 999 S.W.2d 385, 405–06 (Tex.Crim.App. 1999). Appellant's third point of error is overruled.

## D. MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

■ By his fourth point of error, appellant contends the trial court erred by not granting his motion for new trial based on newly discovered evidence establishing he was with his mother and sister at the time the burglary occurred.

■ We review the denial of a motion for new trial based on newly discovered evidence under an abuse of discretion standard of review. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995). Motions for new trial based on newly discovered evidence traditionally lack favor with the courts and are viewed with great caution. *Drew v. State*, 743 S.W.2d 207, 225–26 (Tex.Crim.App.1987). We do not substitute our judgment for that of the trial court, rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Id.* A trial court is arbitrary or unreasonable in denying a motion for new

trial if the record reflects: (1) the newly-discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3) the evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true and would probably bring about a different result in another trial. *Moore v. State*, 882 S.W.2d 844, 849 (Tex.Crim.App. 1994); *Sawyer v. State*, 778 S.W.2d 541, 545 (Tex.App.-Corpus Christi 1989, pet. ref'd).

In support of his motion for new trial, appellant presented evidence from his sister, Carol Escamilla, that they were together, visiting their mother at the hospital on June 5, 2000, the day the burglary occurred. Escamilla testified that she received a telephone call in the early morning from her mother's nursing home informing her that her mother had fallen and had broken her paralyzed left arm. She immediately went to the hospital and stayed with her mother all night. Appellant arrived at the hospital between 8:15 and 8:20 a.m. and stayed with his sister all day, finally leaving at approximately 4:30 p.m. Escamilla said she was not aware of appellant's conviction until after the trial, when her mother told her.

Appellant has failed to show that this "new" evidence was unknown to him before the trial. Indeed, the evidence appellant presented established that he knew of the existence of potential alibi witnesses prior to the trial. Appellant argues that Escamilla was not aware of his conviction until after the trial, and thus, could not have come forward sooner. However, the record does not show that Escamilla's alibi testimony was unknown to *appellant* at the time of the trial. *See Drew*, 743 S.W.2d at 226. Since appellant must have known prior to the trial where he was, what he was doing, and who he was with on June 5, 2000, Escamilla's alibi evidence cannot be considered "newly discovered." *See Baker v. State*, 504 S.W.2d 872, 875 (Tex.Crim. App.1974).

■ Likewise, appellant's failure to present alibi testimony was due to his lack of diligence. Clearly, appellant knew the whereabouts of his mother and sister. Escamilla was available to testify and any failure to secure her testimony was due to appellant's lack of diligence. Where the appellant knows of a witness and fails to inform his attorney of the existence of the witness, the trial court does not err by overruling a motion for new trial based on newly discovered evidence. *Sawyer*, 778 S.W.2d at 545. Accordingly, we conclude the trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's fourth point of error.

The judgment of the trial court is affirmed.