COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-106-CR
  
  
ANTHONY VARGAS GONZALES                                              APPELLANT
A/K/A ANTHONY GONZALES
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 213TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury found Anthony Vargas Gonzales guilty of the offense of aggravated assault 
with a deadly weapon.  Appellant pleaded true to a repeat offender 
allegation, and the trial court sentenced him to twenty-five years’ 
confinement.  In two points, Appellant complains (1) that the State engaged 
in improper jury argument and (2) that his trial counsel rendered ineffective 
assistance by failing to request a jury instruction to disregard the State’s 
improper jury argument.  We affirm.
THE JURY ARGUMENT
        Because 
both of Appellant’s points are interrelated, we will lay out a brief factual 
background concerning the complained-of argument.  Appellant was tried for 
assaulting his ex-girlfriend Melissa Carr by forcing a loaded revolver into her 
mouth and threatening her after she told him that she wanted him out of her 
life.  During his opening statement, Appellant presented his theory of the 
case, which was that Carr was untruthful and “fabricated this whole thing” 
with her new boyfriend Javier Montez.
        When 
Appellant questioned the State’s witnesses, he elicited testimony that Carr 
did not want him around anymore, that her teeth were not injured during the 
assault, and that Officer William Bench, who based his testimony on Carr’s 
statements to him, did not actually witness the assault.  The State 
addressed Appellant’s defensive theory as follows in its closing argument:
  
Now, the theory of the defense 
is that she lied about it.  She made the whole thing up.  Her and 
Javier were in cahoots together.  I would like for you to expect in his 
argument to explain these bruises on her neck and this lip.  If you are 
going to make up my ex-boyfriend, the father of my children is a crazy guy 
attacking me, do you really bust your lip that bad?  Do you bust it in such 
a way that you have the presence of your mind creating this fantasy that the 
sight on a gun coincidentally makes the split lip mark?
 
Do you remember, Oh, but if 
I’m going to say he stuck a gun in my throat, we’d better scratch the back 
of my throat, too?  If you’re going to do all those injuries, why in the 
heck are you going to choke yourself, too?
 
Make him explain that. If 
that’s the theory, make him explain why you don’t just say, Oh, he slapped 
me.  Oh, he’s got a gun, he’s threatening me, why you don’t just do 
that.
 
And after he explains that, if 
he can, make him explain why an officer can say, I would like to speak to 
Anthony.  This is Anthony.
 
[DEFENSE COUNSEL]: Your Honor, 
I object to his “make him explain” argument to shifting the burden, 
commenting on my client’s decision not to testify.
 
THE COURT:  Sustained.
 
[DEFENSE COUNSEL]:  Move 
for mistrial, Your Honor.
 
          THE 
COURT: Denied.

[STATE]: If he didn’t shove 
a gun in Melissa’s mouth, why would he be asked by the police, “Is this 
Anthony?”
 
”Yes, it is.”
 
”Anthony, you need to come 
out.  We have a warrant for your arrest for assault.”
 
Why did Anthony run out the 
back door with his girlfriend?  The officer called it an exit, but we know 
what kind of exit it was.  If he’s not guilty, why did he exit in such a 
way?  That’s what I want you to ask yourself.
 
  
        Appellant’s 
two points on appeal concern his objection to the State’s “make him 
explain” argument.
PRESERVATION OF ERROR
        In 
his first point, Appellant asserts that the State’s “make him explain” 
argument was improper because the State commented on his failure to 
testify.  See Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979).[2]  The State responds that Appellant failed to preserve 
his complaint for our review when he did not request that the trial court 
instruct the jury to disregard the State’s argument.
        To 
preserve any error from improper jury argument, a party must object to the 
argument and pursue the objection to an adverse ruling.  Tex. R. App. P. 33.1; Simpson v. State, 
119 S.W.3d 262, 268 (Tex. Crim. App. 2003), petition for cert. filed, 
(Feb. 23, 2004) (No. 03-9167); Valencia v. State, 946 S.W.2d 81, 81 (Tex. 
Crim. App. 1997); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 
1996), cert. denied, 520 U.S. 1173 (1997).  A party must therefore 
object to the argument, request an instruction for the jury to disregard, and 
then move for a mistrial.  Cockrell, 933 S.W.2d at 89; Cook v. 
State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); Barnes v. State, 
70 S.W.3d 294, 307-08 (Tex. App.—Fort Worth 2002, pet. ref’d).
        Here, 
Appellant did not request an instruction for the jury to disregard. Accordingly, 
we hold that Appellant’s first point is waived, and we overrule it on that 
basis.[3]  See Tex. R. App. P. 33.1; Simpson, 119 
S.W.3d at 268; Cockrell, 933 S.W.2d at 89; Calderon v. State, 950 
S.W.2d 121, 138 (Tex. App.—El Paso 1997, no pet.) (holding complaint regarding 
improper jury argument not preserved where defendant objected and obtained a 
curative instruction, but failed to request a mistrial); Campos v. State, 
946 S.W.2d 414, 418 (Tex. App.—Houston [14th Dist.] 1997, no pet.) 
(holding defendant failed to preserve complaint about improper jury argument by 
failing to obtain a ruling on his request for an instruction to disregard).
INEFFECTIVE ASSISTANCE OF COUNSEL
        In 
his second point, Appellant argues that he received ineffective assistance of 
counsel because his trial counsel did not request a jury instruction to 
disregard the State’s “make him explain” argument.  For the reasons 
we discuss below, we cannot say that counsel was ineffective for failing to 
request a jury instruction to disregard the State’s “make him explain” 
argument since, viewed in context, the argument was not objectionable.  See 
Turner v. State, 87 S.W.3d 111, 116 (Tex. Crim. App. 2002), cert. denied, 
123 S. Ct. 1760 (2003); see also Strickland v. Washington, 466 U.S. 668, 
687, 104 S. Ct. 2052, 2064 (1984).
        The 
State maintains that its argument was a response to opposing counsel, not 
Appellant, in which it asked the jury to evaluate Appellant’s counsel’s 
anticipated closing argument by listening to whether counsel explained the 
asserted deficiencies in his defensive theory.  We agree with the State.
        To 
be permissible, the State’s jury argument must fall within one of the 
following four general areas: (1) summation of the evidence; (2) reasonable 
deduction from the evidence; (3) answer to argument of opposing counsel; or (4) 
plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94-95 
(Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro 
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  Generally, a 
prosecutor may not comment upon a defendant’s failure to testify.  See 
Tex. Code Crim. Pro. Ann. art. 38.08; Griffin v. 
California, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965); Bustamante v. 
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  The State may 
comment, however, on a defendant’s failure to produce witnesses and evidence 
so long as the remark does not fault the defendant for exercising his right not 
to testify.  Jackson v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 
2000).
        Further, 
responding to opposing counsel’s argument is a permissible area of jury 
argument.  Canales v. State, 98 S.W.3d 690, 695 (Tex. Crim. App.), cert. 
denied, 124 S. Ct. 806 (2003); Hernandez v. State, 114 S.W.3d 58, 63 
(Tex. App.—Fort Worth 2003, pet. ref’d).  In examining Appellant’s 
challenge to the State’s jury argument, we are to consider the State’s 
remarks in context.  Gaddis v. State, 753 S.W.2d 396, 398 (Tex. 
Crim. App. 1988); Roy v. State, 997 S.W.2d 863, 869 (Tex. App.—Fort 
Worth 1999, pet. ref’d).
        Here, 
it is evident that the State’s comments referred to Appellant’s counsel’s 
arguments, not Appellant, in the statement “I would like for you to expect in 
his argument to explain these bruises on her neck and this lip.”  
Moreover, when the State made its jury argument, the evidence was concluded, and 
the jury knew that Appellant’s counsel’s argument would be next.  Thus, 
the jury would not have necessarily construed the State’s argument as a 
comment on Appellant’s own failure to testify.  See Canales, 
98 S.W.3d at 695 (upholding prosecutor’s comment that referred to the 
appellant’s failure to explain a letter as a response to the argument of 
appellant’s lawyer); Villarreal v. State, 79 S.W.3d 806, 813 (Tex. 
App.—Corpus Christi 2002, pet. ref’d) (holding that State’s argument 
“referr[ed] to appellant’s counsel’s lack of plausible suggestions” and 
did not constitute an impermissible comment on appellant’s failure to 
testify).
        Upon 
viewing the argument in context, we hold that the State’s remark was made in 
response to Appellant’s counsel’s argument and was not phrased such that the 
jury would necessarily and naturally have taken the remark as a comment on 
Appellant’s failure to testify.  See Canales, 98 S.W.3d at 
695; Jackson, 17 S.W.3d at 674; Villarreal, 79 S.W.3d at 
813.  Accordingly, we hold that Appellant’s counsel was not ineffective 
in failing to request a jury instruction to disregard the State’s “make him 
explain” argument.  See Turner, 87 S.W.3d at 116; see also 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  We overrule 
Appellant’s second point.
CONCLUSION
        Having 
overruled both of Appellant’s points on appeal, we affirm the trial court’s 
judgment.
  
  
                                                          PER 
CURIAM
 
  
PANEL F:  GARDNER, 
LIVINGSTON, and McCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED:  April 15, 
2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Article 38.08 provides, “Any defendant in a criminal action shall be permitted 
to testify in his own behalf therein, but the failure of any defendant to so 
testify shall not be taken as a circumstance against him, nor shall the same be 
alluded to or commented on by counsel in the cause.”  Id. art. 
38.08.
3.  
Throughout much of his brief, Appellant challenges the constitutionality of Cockrell 
and Tex. R. App. P. 33.1 insofar 
as they preclude our review of unpreserved error.  We need not reach this 
complaint, however, because we reach the merits of Appellant’s first issue in 
our discussion of his ineffective assistance claim.