NO. 12-03-00110-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
SAMMIE ROBERSON a/k/a                             §                 APPEAL FROM THE 114TH
SAMMIE ROBINSON,
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Sammie Roberson aka Sammie Robinson (“Appellant”) appeals his conviction for burglary
of a habitation. In three issues, Appellant asserts that the evidence is not legally or factually
sufficient to support his conviction and that the trial court erred by failing to grant a mistrial based
on the State’s improper jury argument. We affirm.
 
Background
            Appellant was charged by indictment with burglary of a habitation. Tex. Pen. Code Ann.
§ 30.02 (Vernon 2003). The indictment alleged that, on October 24, 2002, Appellant, with the intent
to commit theft, intentionally or knowingly entered a habitation without the effective consent of the
owner, Nancy Alonso, or attempted to commit or committed theft of property owned by Nancy, to-wit, a gold bracelet, two cellular phones, two VCRs, an Apex DVD player, and a gold wedding band
with a round diamond. The State also alleged, in its notice of intent to seek enhanced punishment,
that Appellant had previously been convicted of two felonies. Appellant pleaded “not guilty” and
elected a trial by jury. 
            At trial, Nancy and her husband Edward testified that they own a house located in Tyler,
Smith County, Texas. Nancy testified that, when she returned home for lunch on October 24, 2002,
she observed a bucket beneath the window of her daughter’s room. Medium-sized shearing scissors
were located next to the bucket. Upon entering her bedroom, she noticed the room had been
ransacked. A tin can used to hold Nancy’s birthday and anniversary cards was open on the bottom
mattress, and the cards were scattered. Nancy testified that she had owned this tin can about five
years and that it was always kept on the top shelf of her closet. Nancy then checked the other rooms
in the house. The double-paned window in her daughter’s room was pulled down and the inner pane
was broken. The front pane of the window, a screen, was missing and later found in the carport. 
The glass on the broken window pane was jagged and sharp-edged and appeared to be “punched
out.” Both Nancy and Edward testified that property belonging to both of them was missing from
their house, including two VCRs, a DVD player, two cellular phones, Nancy’s wedding ring with
a round diamond, and a gold bracelet. Neither Nancy nor Edward had ever seen Appellant nor had
they given him consent to enter their house or take their property. 
            Officer Royce Jordan has been with the Tyler Police Department for eighteen years and is
cross-trained to dust for fingerprints at a crime scene. On October 24, 2002, Jordan responded to
a call at the Alonsos’ house. Jordan dusted around the edge of a tin can located in the Alonsos’
bedroom for fingerprints and, ultimately, processed five fingerprint cards from outside and inside
the can. Jordan attempted to fingerprint other items in the Alonsos’ house, but was unable to locate
any other usable fingerprints.
            Investigator Jeffrey S. Rackliff, an officer with the Tyler Police Department, has been with
the department almost twelve years. Currently, he is a crime scene investigator and his duties
include, among others, the collection of fingerprints. In comparing fingerprints, the Tyler Police
Department standard demands a minimum of seven points identical in both type and geographic
location within the fingerprint pattern. According to Rackliff, if a competent, trained latent
fingerprint examiner follows the model for comparing fingerprints correctly, the margin of error is
zero. 
            In his opinion, only one fingerprint recovered from the crime scene was of sufficient quality
or ridge detail for comparison. After submitting the one quality fingerprint to a fingerprint
identification database, one fingerprint was received that Rackliff believed was a viable
candidate–Appellant’s. Based on this belief, Rackliff obtained Appellant’s 1986 fingerprint card.
The recovered fingerprint from the tin can had at least seven points of comparison with the left
thumb print on Appellant’s fingerprint card. On March 3, 2003, Rackliff fingerprinted Appellant
and compared his fingerprints with the recovered fingerprint from the tin can. There were also seven
points of identical comparison between the fingerprints. In his opinion, the fingerprint from the tin
can belonged to Appellant. Further, Rackliff took one of Appellant’s fingerprints from March 3 and
compared it to Appellant’s 1986 fingerprint card. In Rackliff’s opinion, the 1986 fingerprint card
also belonged to Appellant. Rackliff admitted that he had no information concerning how the
fingerprint ended up on the tin can or how long it may have been in that location.
            Sergeant Connie Castle has been a police officer with the Tyler Police Department for
approximately eighteen years and is currently with the Crime Scene Unit. In verifying fingerprint
findings, Castle begins the comparison anew in a separate, independent evaluation. In this case,
Castle compared fingerprints that were lifted from the crime scene with rolled impressions. Castle 
verified Rackliff’s findings in 2002 and in March of 2003. She found at least seven points of
comparison between the 1986 fingerprint card and the fingerprint from the crime scene. She
concluded that the fingerprint from the crime scene belonged to Appellant.
            At the conclusion of the trial, the jury found Appellant guilty of burglary of a habitation as
charged in the indictment. Having found both enhancement paragraphs “true,” the jury assessed
punishment at life imprisonment. This appeal followed.
 
Evidentiary Sufficiency
            In his first and second issues on appeal, Appellant argues that the evidence is legally and
factually insufficient to support his conviction. More specifically, Appellant contends that there is
no evidence of any kind that Appellant committed theft, attempted to commit theft, or intended to
commit theft of property belonging to the Alonsos. Further, Appellant argues that the record is
bereft of any testimony or evidence linking Appellant to the property alleged to have been taken.
Alternatively, Appellant argues that the jury’s finding that he stole, attempted to steal, or intended
to steal the Alonsos’ property is not supported by more than a mere modicum of the credible
evidence. The State disagrees and contends that evidence of Appellant’s fingerprint at the scene is
sufficient, both legally and factually, to support Appellant’s conviction. 
Standard of Review
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, no pet.) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-88, 61 L. Ed. 2d 560 (1979)). The standard of review is whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The evidence
is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789;
LaCour, 8 S.W.3d at 671. The conviction will be sustained “unless it is found to be irrational or
unsupported by more than a ‘mere modicum’ of the evidence.” Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).
Any reconciliation of conflicts and contradictions in the evidence is entirely within the jury’s
domain. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). If a reviewing court finds
the evidence legally insufficient to support a conviction, the result is an acquittal. Tibbs v. Florida,
457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). 
            When reviewing the factual sufficiency of the evidence, we review all of the evidence, but
not in the light most favorable to the prosecution. Cain v. State, 958 S.W.3d 404, 407 (Tex. Crim.
App. 1997). We must determine whether a neutral review of the evidence, both for and against the
finding, demonstrates that a rational jury could find guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support the finding of guilt
beyond a reasonable doubt. Id. Evidence is also factually insufficient when contrary evidence is so
strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Id. at 484-85.
Our evaluation should not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony. Wesbrook v. State, 29, S.W.3d 103, 112 (Tex. Crim. App.
2000).
            When reviewing a case comprised wholly of circumstantial evidence, the standard of review
is the same as it is for reviewing cases in which direct evidence exists. Kutzner v. State, 994 S.W.2d
180, 184 (Tex. Crim. App. 1999). Circumstantial evidence, by itself, may be enough to support the
jury’s verdict. Id.
Elements of the Offense
            A person commits the offense of burglary of a habitation if, without the owner’s consent, he 
enters a habitation with the intent to commit a theft or enters a habitation and commits or attempts
to commit a theft. Tex. Pen. Code Ann. § 30.02(a)(1), (3) (Vernon 2003). Generally, fingerprint
evidence alone will be sufficient to sustain a conviction if the evidence shows that the prints were
necessarily made at the time of the burglary. Villarreal v. State, 79 S.W.3d 806, 811 (Tex.
App.–Corpus Christi 2002, pet. ref’d). One of the most important factors to be considered in
evaluating the sufficiency of fingerprint evidence is the extent to which the fingerprinted object was
accessible to the defendant. Id.
Analysis
            At trial, Nancy and Edward testified that they had not given Appellant permission to be inside
their house, nor had either of them ever seen Appellant. It is undisputed that the burglar entered the
Alonsos’ house through their daughter’s bedroom window by removing the outside pane and
breaking the inside pane of the window. Both Nancy and Edward stated that many of their
possessions had been stolen by the burglar. Further, Appellant’s fingerprint was found on a tin can
in the Alonsos’ bedroom. The can was usually kept on the top shelf of Nancy’s closet, but had been 
thrown on her mattress and the contents scattered. Viewing the evidence in the light most favorable
to the jury’s verdict, we conclude that a rational trier of fact could have found the elements of
burglary of a habitation with the intent to commit theft beyond a reasonable doubt.
            Having determined that the evidence is legally sufficient to support the verdict, we next
address factual sufficiency and consider all the evidence adduced at trial in a neutral light. See
Zuniga, 144 S.W.3d at 484. The evidence in support of the conviction includes Appellant’s
fingerprint found on the tin can inside the Alonsos’ house after someone entered their house without
their consent and stole many of their possessions. Contrary evidence includes the fact that neither
Nancy nor Edward saw the person who burgled their house. Rackliff did not know when the
fingerprint was left on the tin can or how long it had been there. Further, there was no testimony that
Appellant had been seen with or in possession of the stolen property. However, the evidence
established that the tin can was inaccessible to Appellant before the burglary. See Villarreal, 79
S.W.3d at 811. Therefore, taken as a whole, the evidence tends to show that the fingerprint on the
tin can was made at the time of the burglary. See id. If the fingerprint was necessarily made at the
time of the burglary, such fingerprint evidence alone is sufficient to sustain a conviction. See id. 
            The jury determined the credibility of the witnesses and resolved the evidentiary
inconsistencies in the State’s favor, which is its prerogative as fact finder. Consequently, in making
our determination of the evidence, both for and against the verdict, we cannot say that the evidence
supporting the verdict, considered by itself, is too weak to support the finding of guilt beyond a
reasonable doubt. Nor can we conclude that the contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Therefore, we conclude that the evidence
is factually sufficient for the jury to find Appellant guilty as charged in the indictment. Accordingly,
Appellant’s first and second issues are overruled.
 
Mistrial
            In his third issue on appeal, Appellant complains of improper jury argument. Appellant
contends that, during closing argument in the guilt-innocence phase of the trial, the State’s counsel
challenged Appellant to explain why his fingerprints were in the Alonso home. Appellant timely
objected to the State’s improper jury argument and argues that the trial court erred by refusing to
grant him a mistrial. Further, Appellant contends that the trial court’s instructions to the jury to
disregard the argument did not cure its prejudicial effect. The State argues that Appellant waived
this issue on appeal because he never asked for a mistrial. In the alternative, the State contends that
counsel’s argument was not a direct comment on Appellant’s failure to testify.
Applicable Law
            The general rule is that a complaining party must first object, and if the objection is sustained,
must then ask for an instruction to disregard. Barletta v. State, 994 S.W.2d 708, 714 (Tex.
App.–Texarkana 1999, pet. ref’d). If the instruction is given, counsel must then move for a mistrial.
Id. If the complaining party’s objection is sustained and the jury is instructed to disregard the
objected-to statement, but counsel does not move for a mistrial, the complaining party has received
all the relief requested and nothing is preserved for review. See Adams v. State, 685 S.W.2d 661,
670 (Tex. Crim. App. 1985). In other words, Appellant must obtain an adverse ruling in order to
preserve a matter for review. Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985).
Further, a defendant’s “right” not to be subjected to incurable erroneous jury arguments is one of
those rights that is forfeited by a failure to insist upon it. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996). Therefore, a defendant’s failure to pursue to an adverse ruling his objection to
a jury argument forfeits his right to complain about the argument on appeal. Id.
Analysis
            In the State’s closing argument in the guilt-innocence phase of the trial, the prosecutor made
the following statement:
 
Knowing all of that, my question is this: What is his fingerprint doing in the Alonsoes’ [sic] house on
that tin can that came out of the closet that had been opened up and poured on a bed in a house that
had been rummaged through? I want the Defense to explain to me–Mr. Thompson to explain to me
and to you what his prints are doing on that can in that house.


            As the argument continued, the trial court interrupted the State’s counsel and asked counsel
for both parties to approach the bench. Appellant’s counsel objected to the last line of the State’s
closing argument and the trial court sustained his objection. Further, the trial court sua sponte
instructed the jury to disregard the last portion of the State’s closing argument. However,
Appellant’s counsel failed to ask for a mistrial. Appellant must ask for a mistrial and obtain an
adverse ruling in order to preserve this issue for review. See Nethery, 692 S.W.2d at 701. Because
Appellant’s objection was sustained by the trial court and he did not move for a mistrial, Appellant
received all the relief he requested and nothing is preserved for our review. See Adams, 685 S.W.2d
at 670. Accordingly, Appellant’s third issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
 
 
Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
































(DO NOT PUBLISH)