In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00067-CV
______________________________


CAP ROCK ENERGY CORPORATION S/I/I CAP ROCK 
ELECTRIC COOPERATIVE, INC., Appellant
Â 
V.
Â 
LAMAR COUNTY ELECTRIC COOPERATIVE 
ASSOCIATION, ET AL., Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 62nd Judicial District Court
 Lamar County, Texas
Trial Court No. 70770


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Cap Rock Energy Corporation, S/I/I Cap Rock Electric Cooperative, Inc., appellant, has filed
a motion seeking to dismiss its appeal due to the final settlement of the case in mediation. Pursuant
to Tex. R. App. P. 42.1, the motion is granted.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â September 5, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 6, 2006





" Priority="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00075-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ALEX RAY JOHNSON,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 188th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Gregg County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 37,932-A

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  In Linda
MooreÂs ransacked duplex, from which several electronic items had been stolen,
police found a single useable fingerprint on a CD case on the floor.Â  That fingerprint was matched to Alex Ray
Johnson, who was charged and convicted for the burglary.[1]

Â Â Â Â Â Â Â Â Â Â Â  On appeal,
Johnson argues that there is legally and factually insufficient evidence to
support his conviction.Â  We affirm the
conviction because the fingerprint evidence is legally sufficient to support
the conviction.

Â Â Â Â Â Â Â Â Â Â Â  We do not
address JohnsonÂs challenge to the factual sufficiency of the evidence, because
a plurality of the Texas Court of Criminal Appeals very recently abolished the
separate factual sufficiency review of evidence.Â  See
Brooks v. State, No. PD-0210-09, 2010
WL 3894613, at **1, 14 (Tex. Crim. App. Oct. 6, 2010) (Cochran, J., concurring,
Womack, J., joining the concurrence) (4-1-4 decision).

Â Â Â Â Â Â Â Â Â Â Â  Moore lived
with her fiancÃ©e in a duplex in Gregg County, Texas.Â  Every other weekend, her fiancÃ©eÂs two
children stayed with them.Â  Moore left
for work around 7:15 a.m., Tuesday, January 29, 2008, and returned sometime
between 12:00 noon and 1:00 p.m., to discover that the back door to the duplex
had been kicked in and the door frame was damaged.[2]Â  She testified that her living room was
Ârummaged through,Â that the drawers in both bedrooms were pulled out, that
clothes were thrown on the floor, and that mattresses were Âflipped up off the
bed.ÂÂ  A Playstation 2 video game
console, twenty-five to thirty Playstation 2 video games, and a jar of change
were missing.

Â Â Â Â Â Â Â Â Â Â Â  Moore
testified that the CDs in the home and the missing games were all bought new
from places like GameStop, Wal-Mart, or Target.Â 
She did not buy used games because Âyou never know if theyÂre going to
work or if theyÂre scratched.ÂÂ  The games
stayed at the residence because the children were not allowed to take them
anywhere.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Officer
Jerry Sullivan took photographs and swept the apartment for fingerprints.Â  One identifiable fingerprint was lifted from
a CD case found on the floor in the childrenÂs bedroom. Although there were
fifteen to twenty smudged fingerprints found in the home and other fingerprints
on the CD case, none of the other prints were usable because they were
smudged.Â  Sullivan testified that a
fingerprint could last from hours to days.

Â Â Â Â Â Â Â Â Â Â Â  Detective
Dan Reigstad, a physical evidence detective that Âprocess[ed] physical
evidenceÂ and performed Âphysical evidence comparisons,Â explained that, when
comparing fingerprints, he examines the two prints until he is Â100 percent sure
that it is a match and thereÂs no possible chance it could be anyone
else.ÂÂ  After a manual comparison,
Reigstad determined that the fingerprint found on the CD case matched JohnsonÂs
fingerprints.Â  

Â Â Â Â Â Â Â Â Â Â Â  In reviewing the evidence for
sufficiency, we consider the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.Â  Jackson v. Virginia, 443 U.S.
307, 318Â19 (1979).Â  In the Brooks
plurality opinion, the Texas Court of Criminal Appeals found Âno meaningful
distinction between the Jackson v. Virginia legal-sufficiency standard
and the Clewis[3]
factual-sufficiency standard, and these two standards have become
indistinguishable.ÂÂ  Brooks, 2010 WL 3894613, at *8.Â  Further,
a proper application of the Jackson legal-sufficiency standard is as
exacting a standard as any factual-sufficiency standard.Â  See id.
at *11.Â  In a concurring opinion, Judge Cochran pointed out that the United
States Supreme Court has rejected a legal sufficiency test that requires a
finding that Âno evidenceÂ supports the verdict because it affords inadequate
protection against potential misapplication of the Âreasonable doubtÂ standard
in criminal cases.Â  Id. at *16 (Cochran, J., concurring).Â 
Rather than meeting a mere Âno evidenceÂ test, legal sufficiency is judged not
by the quantity of evidence, but by the quality of the evidence and the level
of certainty it engenders in the fact-finderÂs mind.Â  Id. at *17.

Â Â Â Â Â Â Â Â Â Â Â  Johnson was
charged by indictment with burglary of a habitation; the specific charge was
that with intent to commit theft, he entered a habitation, without the
effective consent of the owner, Moore.Â  Our
review under the hypothetically correct jury charge must be guided by the
requirements of the alleged statutory alternative. Â See
Fuller v. State, 73 S.W.3d 250, 255 (Tex. Crim. App. 2002) (Keller, P.J.,
concurring); Mantooth v. State, 269
S.W.3d 68, 74 (Tex. App.ÂTexarkana 2008, no pet.). Â Here, a hypothetically correct charge would
require the jury to find, beyond a reasonable doubt, that: Â (1) Johnson; (2) without the effective consent
of the owner; (3)Â entered a habitation; (4) with intent to commit theft.[4]
Â Tex.
Penal Code Ann. Â§ 30.02(a)(1) (Vernon 2003).

Â Â Â Â Â Â Â Â Â Â Â  In Villarreal v. State, a homeÂs door had
been forced open, two bedrooms had been ransacked, and checkbooks and cash were
missing.Â  79 S.W.3d 806 (Tex. App.ÂCorpus
Christi 2002, pet. refÂd).Â  The police
found fingerprints on CD covers, a clock radio, a television, and a
computer.Â  Id. at 810.Â  All of the CDs
were purchased new and of the thirty-five to forty CDs kept in one of the
bedrooms, only one or two of them had ever been loaned out, and that was to a
close friend with an understanding that no one else was to use them.Â  Id.Â  The fingerprints were matched to
Villarreal.Â  Id.Â  Neither of the two
homeowners knew Villarreal and neither had given him permission to be in the
residence that day.Â  Id.Â  Even though highly
unlikely possibilities could account for the presence of the defendantÂs
fingerprints in a manner consistent with innocence, the court of appeals found
the evidence sufficient to uphold the burglary conviction because, Âtaken as a
whole, the evidence tends to show that the fingerprints were necessarily made
at the time of the burglary and negates the probability that they were made
prior to the time of the burglary.ÂÂ  Id. at 812 (citing Phelps v. State, 594 S.W.2d 434, 436 (Tex. Crim. App. [Panel Op.] 1980));
Neito v. State, 767 S.W.2d 905, 908Â09 (Tex. App.ÂCorpus Christi
1989, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  The
facts of this case parallel those of Villarreal.Â  The evidence shows that MooreÂs home was
forcibly entered and her property was taken. Â It is undisputed that JohnsonÂs fingerprint
was found inside the residence on a CD case Âthat had been moved from where
they were at for the children.Â Â Moore
did not know Johnson and had never seen him before the day of the trial. Â Moore testified that no one had permission to
be in her home that day.Â  Because there
was no occasion for JohnsonÂs presence inside the home, it was reasonable for
the jury to infer that the fingerprint must have been left during the burglary.[5]Â  Accordingly, we overrule JohnsonÂs point of
error and affirm the judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  November 23, 2010

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  November 24, 2010

Â 

Do Not Publish

Â 

Â 

Â 











[1]After
a jury trial, Johnson was found guilty of burglary of a habitation, was
sentenced to twenty yearsÂ imprisonment, and was fined $3,000.00.

Â 





[2]MooreÂs
fiancÃ©e arrived at the duplex sometime after the police arrived.Â  The record is unclear whether, on the day in
question, MooreÂs fiancÃ©e left for work before or after Moore.





[3]Clewis, 922 S.W.2d 126.





[4]ÂTheftÂ
is the unlawful appropriation of property with intent to deprive the owner of
the property. Â Tex. Penal Code Ann.
Â§ 31.03(a) (Vernon Supp. 2010). Â A person
acts with intent Âwith respect to the nature of his conduct . . . when it is
his or her conscious objective or desire to engage in the conduct. . . .Â Â Tex.
Penal Code Ann. Â§
6.03(a) (Vernon 2003). Â In a burglary
prosecution, the specific intent to commit theft may be inferred from the
circumstances. Hawkins v. State, 467
S.W.2d 465, 466 (Tex. Crim. App. 1971).





[5]Johnson
acknowledges that Âthe fingerprints of an accused, which necessarily must have
been made at the time of the burglary, are sufficient to sustain a burglary
conviction without further evidence of identification.ÂÂ  Phelps,
594 S.W.2d at 435; Hernandez v. State,
190 S.W.3d 856, 864 (Tex. App.ÂCorpus Christi 2006, no pet.); Villarreal, 79 S.W.3d at 811.