Ronald Lloyd **DIETZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 84 156 CR.

Court of Appeals of Texas,
Beaumont.

June 19, 1985.

Rehearing Denied June 26, 1985.

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury for the offense of murder and assessed punishment at confinement for a term of sixty years.

Appellant brings forward five grounds of error. The first three grounds complain of improper admission into evidence of appellant's written statement taken after his arrest. His fourth ground complains of error in that "The Prosecutor made an improper comment on Appellant's failure to testify", and his fifth ground challenges the sufficiency of the evidence.

We shall first address the ground complaining of improper jury argument, since it is our view that this ground is dispositive of this appeal.

The record reveals that appellant and Sheila Williams, the victim, had been living together in appellant's apartment. Late in the evening on the day of the homicide, appellant and Sheila, together with two or three companions, had been seen "drinking and partying" in a local tavern. When they returned to his apartment, appellant and his companions entered the apartment and Sheila lingered behind for a while and then went up the stairs to the apartment, "banged on the door" which was then apparently opened by someone on the inside. Sheila then entered and went directly to the bedroom and closed the door. Appellant immediately followed her into the bedroom and closed the door. Within a very short period of time, two shots were fired from a hand gun. One bullet struck Sheila between the eyes, causing her immediate death. Appellant and Sheila were the only persons in the bedroom at the time of the shooting, consequently, there were no eye witnesses to the shooting.

The record further reveals that when Sheila's body was removed from the bedroom, there was evidence of bruises on her shoulders, arms, and a cut behind her ear. She had also been strangled and a ring on her finger had been "smashed". Photographs were taken of her body showing such injuries and were introduced into evidence.

Appellant did not testify in the presence of the jury during the guilt-innocence stage or the punishment stage of the trial.

Appellant's counsel, during his jury argument in the guilt-innocence stage, made several references to the injuries appearing on the deceased's body and stated to the jury the following:

> And, I, also, submit to you that she had been in an automobile accident ... and she had bruises all over her arms and all over her collarbone. I'm not telling you the bruises on her neck came from that; I don't know where the bruises on her neck came from. They could have come from the automobile; they could have come from Dietz strangling her; it could have come from a fight that she had been in ... a week before....
>
> There's no testimony as to how old these bruises are, or not old they are [sic].

It was the contention of the State that while in the bedroom, appellant had beaten the deceased, strangled her and then shot her between the eyes. During his argument to the jury, the prosecuting attorney referred to the various bruises upon the body of the deceased, and the condition of her body as shown in the photographs and then stated to the jury:

> Ladies and gentlemen, the last person that was in that bedroom with Sheila before that gun went off, before she was beaten to death or shot to death, rather, was that man sitting right there. It was nobody else. There was nobody else that can be blamed for that. There's absolutely no one else that can testify that her arms looked like that, that her shoulder looked like that....

Appellant's objection to the foregoing statement that such was "comments on the Defendant's failure to testify" was overruled.

■ Because appellant did not testify at his trial, *TEX.CODE CRIM.PROC.ANN. art. 38.08* (Vernon 1979), prohibits allusion to or comment on that fact by counsel. For there to be reversible error because of an allusion or comment on the failure of an accused to testify in his own behalf, the language used must be looked to from the standpoint of the jury and the implication that the language used had reference to such failure to testify must be a necessary one. It is not sufficient that the language be construed as an implied allusion to the accused's failure to testify. *Harris v. State*, 684 S.W.2d 687 (Tex.Crim.App.1984); *McDaniel v. State*, 524 S.W.2d 68 (Tex. Crim.App.1975); · *Koller v. State*, 518 S.W.2d 373 (Tex.Crim.App.1975).

■ The evidence shows that appellant and the deceased were alone in the bedroom immediately preceding the shooting, and the argument made by the prosecutor, consistent with this evidence, is explicit and points out that appellant was the only one who could testify that "her arms looked like that, that her shoulder looked like that...." This reference to the condition of her arms and shoulder obviously referred to the condition of her body as it existed immediately preceding the attack upon the deceased. The necessary inference is that the entire comment referred to appellant's failure to testify. When the language of the argument is considered together with the evidence before the jury, the argument was manifestly intended to and was of such a character that the jury would necessarily take it as a comment on the failure of the appellant to testify. *See McDaniel v. State, supra; Koller v. State, supra.*

The prosecutor's argument which we construe to be a comment on appellant's failure to testify violated both the appellant's constitutional and statutory rights. *McDaniel v. State, supra.*

We have carefully reviewed the entire record and find that the evidence is sufficient to support the verdict. We, therefore, overrule appellant's challenge to the sufficiency of the evidence.

The judgment is reversed and this cause is remanded.