Jose F. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–627–CR.

Court of Appeals of Texas,
Corpus Christi.

April 1, 1993.

Rehearing Denied April 22, 1993.

Frank Garza, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Jose Francisco Martinez, guilty of the offense of burglary of a building. The trial court assessed punishment at life in prison, habitual-felony offender. By his sole point of error, appellant complains that the State committed reversible error when it commented on his failure to testify. We affirm.

The State's evidence showed that in March 1990, Officers Roberts and Venegas were dispatched to a burglary in progress at the New Women's Clinic on Horne Road. Arriving at the scene, they saw appellant and another subject standing beside a bush near the clinic. When appellant and the other subject saw their patrol car, they ran down the side of the clinic and jumped a fence. Officer Roberts caught appellant in a grassy area behind an Exxon service station. After putting appellant into the patrol car, both officers crawled into the clinic through a window which had been broken, unlatched, and opened. Inside of the clinic, Roberts saw broken glass, and he saw a space heater, a coffee maker, a clock, and other items stacked on some chairs.

Brenda Gatewood, a Corpus Christi Police Department supervisor, processed the scene for latent fingerprints. She lifted latent prints from the coffee pot, clock, and heater. Marsha Parker, a latent-fingerprint examiner with the Corpus Christi Police Department, identified appellant's left thumb print on the clock and his right thumb print on the coffee pot.

Elva Bustamante, the clinic's director, inspected the clinic soon after the alleged burglary. She testified that no one had permission to enter the building that day.

After the State rested its case, the defense rested and closed.

By his sole point of error, appellant complains that the State committed reversible error when it commented on his failure to testify. During final summation at the guilt/innocence phase, the State remarked:

> We brought you facts. We showed you what happened out there. There's nothing to hide on this. The cops caught these guys red-handed. They took off. If he was so innocent as he tries to say why did he run? If he is so innocent as he said why is this stuff, his fingerprints all over that property and why is that property all stacked? For only one reason. They were taking it out the window....

Defense counsel did not object to this argument.

Prior to the above comments, defense counsel argued to the jury during the guilt/innocence phase that "this case suffers from a lack of sufficient evidence instead of an abundance of evidence." Defense counsel also argued that:

> You know, the State's theory in this case ... is a piggy back. What do I mean by piggy back? Well, they present evidence that they find a partial print on an item. Which, I mean, we don't dispute the print. We dispute maybe how it got there when the man was outside or inside. But they present the evidence of the fingerprint on some object. Then they assume that the other objects that have no prints ... were put there by him

and then they form the conclusion that that's the intent....

> .    .    .    .    .

> And if you allow the State to come in here and bamboozle you with mediocre evidence and then tell you that's evidence beyond a reasonable doubt go in there and find him guilty, then I think not only are you letting him down you're letting the whole system down, because there's a lot of people before us that die to try to preserve the system....

■ A prosecutor violates our State and federal constitutions when he or she comments on an accused's failure to testify. *Garrett v. State,* 632 S.W.2d 350, 351 (Tex. Crim.App.1982). Additionally, art. 38.08 of the Texas Code of Criminal Procedure expressly prohibits a prosecutor from alluding to or commenting on an accused's failure to testify. *Owen v. State,* 656 S.W.2d 458, 459 (Tex.Crim.App.1983); TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979).

■ The test is whether the State's remarks were manifestly intended or characterized in a manner that the jury would naturally and necessarily take them as a comment on the accused's failure to testify. *Owen,* 656 S.W.2d at 459; *Banks v. State,* 643 S.W.2d 129, 134 (Tex.Crim.App.1982), *cert. denied,* 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). This test must be applied to the facts and circumstances of each case. *Dickinson v. State,* 685 S.W.2d 320, 323 (Tex.Crim.App.1984). The challenged comment must be viewed from the jury's standpoint, and the language must be more than an implied or indirect allusion to the accused's silence. *Angel v. State,* 627 S.W.2d 424, 426 (Tex.Crim.App.1982). If the remark called the jury's attention to the absence of evidence that only appellant's testimony could supply, the conviction must be reversed. *Angel,* 627 S.W.2d at 426.

■ The prosecutor may answer opposing counsel's jury argument so long as the response does not exceed the scope of the invitation. *Andujo v. State,* 755 S.W.2d 138, 144 (Tex.Crim.App.1988); *Johnson v. State,* 611 S.W.2d 649, 650 (Tex.

Crim.App.1981). The invitation may even properly include an allusion to the accused's failure to testify. *Porter v. State,* 601 S.W.2d 721, 723 (Tex.Crim.App.1980).

■ Taking the State's argument in context, the prosecutor was responding to defense counsel's argument that the State was trying to bamboozle the jury with mediocre evidence. As such, we cannot find that the language was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of appellant to testify. No error is shown.

We overrule the point of error, and AFFIRM the trial court's judgment.