

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-155-CR

RICARDO SANMIGUEL CAMPOS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

In two points, appellant Ricardo Sanmiguel Campos argues that the trial court erred by overruling his objection to the State's alleged comment on his failure to testify and that the trial court abused its discretion by denying his motion for mistrial after the State made an improper argument regarding Campos's other crimes. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. PROCEDURAL BACKGROUND

Campos was charged with both aggravated sexual assault of a child and indecency with a child, and a jury convicted him of indecency with a child. Campos pleaded "true" to the felony repetition enhancement allegation in the indictment. After the jury found the enhancement allegation to be true, it assessed punishment at fifty years' imprisonment and assessed a $10,000 fine. The trial court sentenced Campos accordingly.

## III. ALLEGED COMMENT ON CAMPOS'S FAILURE TO TESTIFY

In his first point, Campos contends that the trial court erred by overruling his objection during closing argument that the prosecutor commented on his failure to testify. During closing argument, the prosecutor stated:

> Do you remember in opening statements the defense got up there and told you that he's [Campos] . . . guilty of being old and poor health, uneducated. You didn't hear any evidence of that. And I would submit to y'all that there was ample opportunity for the defense to ask that. [Campos's step-daughter] Lisa took the stand. They never asked her those questions.

Campos objected that this remark improperly commented on his failure to testify; the trial court overruled his objection.

The Texas Code of Criminal Procedure provides that a defendant's failure to testify on the defendant's own behalf may not be held against the defendant and that counsel may not allude to the defendant's failure to testify. Tex. Code

2

Crim. Proc. Ann. art. 38.08 (Vernon 2005). To determine whether a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify. *Id.*; *see Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

If the prosecutor's remark calls to the jury's attention the absence of evidence that only the defendant's testimony could supply, the comment is an improper comment on the defendant's failure to testify. *See Fuentes*, 991 S.W.2d at 275. But if the remark reasonably can be construed to refer to the

3

defendant's failure to present evidence other than his own testimony, the comment is not improper. *Id.*; *Wolfe v. State*, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); *Madden v. State*, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), *cert. denied*, 499 U.S. 954 (1991); *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, no pet.).

Here, during the defense's opening statement, the defense attorney set forth what evidence the defense would present at trial and stated that "Mr. Campos is guilty of being old, he's guilty of being in poor health, he is blind in one eye, he is uneducated, guilty of that. He's guilty of not being the brightest tool in the shed. He has borderline intellectual functioning." By referring back to this argument during its closing argument, the State was not making a comment on Campos's failure to testify; the State was pointing out that the defense had failed to produce any evidence to support its contention that Campos was old, in poor health, and uneducated. *See Fuentes*, 991 S.W.2d at 275; *Harris*, 122 S.W.3d at 884–85 (holding State's comment as proper summation of evidence where it specifically pointed out lack of testimony from other witnesses concerning any motive for female witnesses to falsely accuse appellant of sexual assault); *Singh v. State*, No. 02-04-00338-CR, 2005 WL 1542665, at *4 (Tex. App.—Fort Worth June 30, 2005, pet. ref'd) (not designated for publication) (holding that prosecution's argument was not

4

improper because it "pointed to the absence of testimony from sources other than [appellant]").  This evidence could have come from witness testimony, not just from Campos's own testimony.  As the State pointed out in its closing argument, the defense could have asked Campos's step-daughter Lisa questions regarding Campos's mental and physical infirmities.  Furthermore, the argument was a proper response to the defense's remarks during its opening statement. *See Strickland v. State*, 193 S.W.3d 662, 669–70 (Tex. App.—Fort Worth 2006, pet. ref'd); *Martinez v. State*, 851 S.W.2d 387, 389–90 (Tex. App.—Corpus Christi 1993, pet. ref'd) (noting that State may answer opposing counsel's jury argument, even if it includes a comment on the defendant's failure to testify) (citing *Porter v. State*, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980)).

After reviewing the prosecutor's comments in context, we conclude that they were not manifestly intended, or of such a character that the jury would naturally and necessarily consider them, to be a comment on Campos's failure to testify.  *See* Tex. Code Crim. Proc. Ann. art 38.08; *Fuentes*, 991 S.W.2d at 275; *Strickland*, 193 S.W.3d at 669–70.  Consequently, we hold that the trial court did not err by overruling Campos's objection.  We overrule Campos's first point.

5

## IV. MOTION FOR MISTRIAL

In his second point, Campos argues that the trial court abused its discretion by denying his motion for mistrial after sustaining his objection to a different portion of the prosecutor's jury argument. The prosecutor made the following comment during closing argument:

> [Prosecutor]: When does it end? When do we say, you know what, maybe there's been other things along the way we missed too, but now we know those two things, and we know what your intent is.

> [Defense Attorney]: Object to the statement there's other things along the way. We would vigorously object to that. There's no evidence.

> The Court: Sustained.

> [Defense Attorney]: We'd ask the jury to be instructed to disregard the statement of the prosecutor.

> The Court: You'll disregard that statement made by the prosecutor.

> [Defense Attorney]: We would ask the Court – my duty requires to ask the Court for a mistrial.

> The Court: That's denied.

Campos argues that the prosecutor's comment improperly asked the jury to consider his prior crimes in arriving at its verdict. He claims that the harm from this improper argument could not be cured by a jury instruction to disregard the

6

comment and that, consequently, the trial court abused its discretion by denying his motion for mistrial.

To be permissible, the State's jury argument must fall within one of the following four general areas:   (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required. *Id.; see Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004).

In determining whether the trial court abused its discretion by denying the mistrial, we balance three factors:   (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the strength of the State's case against Campos. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App.

1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *accord Hawkins,* 135 S.W.3d at 77.

Looking at the first factor—the severity of the misconduct—evidence at trial showed that two years prior to Campos's incident with the complainant, the complainant's older brother also had complained that Campos had touched him in an inappropriate manner.  Thus, the prosecutor could have been referring to this when she made the complained-of comment.  The comment does not directly impinge Campos's failure to testify and is not inflammatory in nature. Regarding the second factor—the curative measures taken—the trial court cured any prejudice from the prosecutor's comment by immediately instructing the jury to disregard it, and we presume that the jury complied with the instruction. *See Mosley*, 983 S.W.2d at 259; *Simpson*, 119 S.W.3d at 272; *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000), *cert. denied*., 532 U.S. 944 (2001).  Concerning the third factor—the strength of the State's case—the complainant testified that Campos touched her private area, and the complainant's mother, the mother's fiancé, and a nurse practitioner who examined the complainant corroborated her testimony.  A CPS investigator also testified that Campos confessed to her that he had inappropriately touched the complainant.  The jury acquitted Campos of sexual assault and convicted him of the less serious offense of indecency with a child.  Given the mildness of the

8

prosecutor's remark during closing argument and the strength of the State's case against Campos, any error was harmless.

Thus, weighing the appropriate factors, we hold that the trial court did not abuse its discretion by denying Campos's motion for mistrial. *See Mosley*, 983 S.W.2d at 259; *Simpson*, 119 S.W.3d at 272. We overrule Campos's second point.

## V. CONCLUSION

Having overruled Campos's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2009