Opinion issued January 27, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-01127-CR

———————————

James Irvin Quick, Appellant

V.

THE State OF
TEXAS, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Case No. 1179074

 



 

MEMORANDUM OPINION

          Appellant,
James Irvin Quick, appeals a judgment convicting him for the murder of Michelle
Denise Melton.  See Tex. Penal
Code Ann. § 19.02 (West 2003).  In two issues, appellant asserts that the
trial court abused its discretion by overruling his objection that the State’s
closing argument commented on appellant’s failure to testify and by disallowing
expert testimony that purportedly negated the requisite intent for murder.  Concluding that the trial court did not abuse
its discretion in making these rulings, we affirm the judgment.   

Background

          Late
in life, appellant and the complainant’s mother, Clotile, married.  However, their marriage often involved
arguments over finances, and they decided to divorce.  Throughout the divorce process, the couple
frequently fought over the ownership of their property.  The complainant and her husband were called
numerous times to appellant’s home to help mediate disputes.

In August 2008, appellant, Clotile,
the complainant, and her husband met at appellant’s home to discuss the pending
divorce.  A dispute arose regarding the
ownership of appellant’s sister’s property. 
Appellant went to his front door, locked it, and placed the key in his
pocket.  Appellant then left the room to retrieve
a .357 revolver.  Finding the front door
locked, the complainant, her husband, and Clotile left the house through the
dining room window.  

The complainant and her husband ran
away, but when she saw that Clotile had fallen into the bushes below the window,
the complainant ran back to assist her.  Appellant
stood inside his house in front of the window, knelt down, aimed the revolver
at the complainant, and fired.  The
bullet entered the complainant’s side, passing through her arm and torso.  The complainant collapsed on the driveway,
where she died.  Appellant went outside
of his house and shot at the complainant’s husband but missed. 

In a videotaped custodial statement
given to Detective Matt Bruegger, appellant admitted to killing the
complainant.  During the statement, Det. Bruegger
asked appellant, “Where were you aiming?”  Appellant responded, “I
aimed at her.  She was running
away.”  Det. Bruegger then asked, “What
was your intention when you were shooting at her?”  Appellant stated, “I had no intentions . . . my only intention was to force
them out of the house.  I just lost
it.  I should have keep
[sic] control.” 

Appellant pleaded not guilty to the
jury.  The jury found him guilty and the
trial court assessed his sentence at 15 years in prison.

Closing Argument

          In
his first issue, appellant
contends the trial court abused its discretion by overruling his objection to
certain comments made by the State during closing arguments concerning
appellant’s failure to testify.

          A.      Applicable Law

The State’s closing argument violates a defendant’s
constitutional and statutory rights against self-incrimination if, viewed from
the standpoint of the jury, the argument was (1) manifestly intended to be a
comment on the accused’s failure to testify or (2) of such a character that the
jury would necessarily and naturally take it as a comment on the accused’s
failure to testify.  Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999) (quoting
Banks v. State, 643 S.W.2d 129, 134
(Tex. Crim. App. 1982)).  “A mere
implication or indirect allusion to a defendant’s failure to testify will not
result in reversible error.”  Allen v. State, 693 S.W.2d 380, 386
(Tex. Crim. App. 1984); see also Staley v. State, 887 S.W.2d 885, 895
(Tex. Crim. App. 1994).  The facts and
circumstances of each case must be analyzed to determine whether the language
directs the jury’s attention to the defendant’s failure to testify.  See
Dickinson v. State, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984).  

The State may refer to an accused’s failure to testify in
closing argument if the State’s comment is invited by defense counsel’s closing
argument and it does not exceed the scope of the invitation.  Andujo v. State, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988); Martinez v. State, 851 S.W.2d 387, 389
(Tex. App.—Corpus Christi 1993, pet. ref’d).  An invited comment within the scope of the
invitation is proper although it indirectly alludes to the defendant’s failure
to testify.  Martinez, 851 S.W.2d at 390; see
Porter v. State, 601 S.W.2d 721, 722–23
(Tex. Crim. App. 1980).  Additionally, if
a defendant’s statement is admitted into evidence, the State may properly refer
to that statement to compare it to the other evidence in the case, and that
reference is not considered as a comment on the defendant’s failure to testify
or his right to remain silent.  Garcia v. State, 126
S.W.3d 921, 924 (Tex. Crim. App. 2004). 


B.      Analysis

          Appellant
complains that the trial court abused its discretion in overruling his
objection to the State’s comment stating, “Well, let’s ask Mr. Quick.  Mr. Quick, where were you aiming?  And I have it here on the video.  Where were you aiming?”  The State’s comment was in response to appellant’s counsel’s
closing argument claiming that we “[w]on’t know exactly
where he was aiming.”

Viewing the State’s comment from the jury’s standpoint, the
State’s rhetorical comment, “let’s ask Mr. Quick” and its rhetorical question,
“where were you aiming?” did not implicitly highlight appellant’s failure to
testify.  See Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)
(requiring clear implication that State’s comment during closing argument
referred to defendant’s failure to testify or right to remain silent).  Rather, the State was introducing its next
comment, directing the jury’s attention to appellant’s answer, already in
evidence on the videotaped confession.  See Garcia, 126 S.W.3d at 924 (holding that
reference to defendant’s statement already in evidence is not improper comment
on defendant’s failure to testify or right to remain silent); Lopez v. State, 339 S.W.2d 906, 910–11
(Tex. Crim. App. 1960).  The language
that the State used was not of such a character that the jury would have
naturally and necessarily have considered it a comment on appellant’s failure
to testify.  See Bustamante, 48 S.W.3d at 765; Fuentes, 991 S.W.2d at 275.

Moreover, by suggesting a lack of evidence as to whether
appellant was pointing the revolver at the complainant, appellant invited the
State to respond.  See Andujo, 755 S.W.2d at 144; Martinez,
851 S.W.2d at 389.  The State’s comment
was within the scope of the invitation because it pointed out the evidence in
the record that showed the very thing appellant’s counsel had argued we “[w]on’t know.” 
Accordingly, we conclude that the trial court did not abuse its
discretion in overruling appellant’s objection to comments made by the State
during closing arguments.

We overrule appellant’s first issue.

Exclusion of Expert Witness Testimony

In his second issue, appellant contends that the trial court
abused its discretion in refusing to allow appellant’s three psychiatric and
psychological experts to testify during the guilt-innocence stage of trial.  Specifically, appellant claims that because
of the deficient executive functioning of his brain, he did not form the
requisite intent for murder.  See Tex.
Penal Code Ann. § 19.02(b)(1)–(2) (West 2003)
(requiring intentional or knowing mental state).  Additionally, appellant contends that because
the trial court erroneously excluded the testimony of his experts, he was
effectively denied the opportunity to put on a defense that he was guilty only
of manslaughter.   

A.      Applicable
Law

We review a trial court’s ruling to admit or exclude evidence
under an abuse of discretion standard.  Green v. State, 934
S.W.2d 92, 101–02 (Tex. Crim. App. 1996); Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  A trial court abuses its discretion if its
decision falls outside of the “zone of reasonable disagreement.”  Montgomery,
810 S.W.2d at 391. 
In conducting this review, we defer to the trial judge’s assessment of
the weight and credibility of the evidence and view the evidence in the light
most favorable to the trial court’s decision. 
See Kelly v. State, 824 S.W.2d 568, 574 (Tex.
Crim. App. 1992).

Admission of expert testimony is governed by Rule 702 of the
Texas Rule of Evidence.  Tex. R. Evid. 702.  When addressing the admissibility of expert
testimony, the trial court’s “first task is to determine whether the testimony
is sufficiently reliable and relevant to help the jury in reaching accurate
results.”  Kelly, 824 S.W.2d at 572.  Testimony that is unreliable or irrelevant does
not assist a juror in understanding the evidence or determining a fact in
issue, as required by Rule 702.  See Tex.
R. Evid. 702; Kelly, 824 S.W.2d at 572.  When examining admissibility under Rule 702, the trial court must
determine whether the expert “make[s] an effort to tie pertinent facts of the
case to the scientific principles which are the subject of his testimony.”  Jordan v. State, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).

A person commits murder if he (1) intentionally or knowingly
causes the death of an individual or (2) intends to cause serious bodily injury
and commits an act clearly dangerous to human life that causes the death of an
individual.  Tex. Penal Code Ann. § 19.02(b)(1)–(2).  A person intends a result of his conduct if
that result is his conscious objective or desire.  Id. § 6.03(a) (West 2003). 
A person knows a result of his conduct if he is aware that his conduct
is reasonably certain to cause the result. 
Id. §
6.03(b).  In contrast, a person
commits manslaughter if he recklessly causes the death of another.  Id. § 19.04(a).  A
person acts recklessly with respect to the result of his conduct if he is aware
of but consciously disregards a substantial and unjustifiable risk that the
result will occur.  Id. § 6.03(c).

“Texas does not recognize diminished capacity as an
affirmative defense i.e., a lesser form of the defense of insanity.”  Jackson v. State, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005).  However, Texas law does recognize diminished
capacity doctrine as an ordinary defense “that the State failed to prove that
the defendant had the required state of mind at the time of the offense.”  Id.  As with the other elements of the offense, the
defendant may offer relevant evidence negating the requisite mental state.  Id.
at 574; see Tex. Code Crim. Proc. Ann. art. 38.36(a) (West 2005) (defendant may offer
testimony as to “all relevant facts and circumstances going to show the
condition of the mind of the accused at the time of the offense”).  This evidence may sometimes include evidence
of a defendant’s history of mental illness. 
Jackson, 160
S.W.3d at 574.  Evidence is
relevant if it has “any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.”  Tex. R. Evid. 401.  However, such evidence may be excluded if it
does not truly negate the requisite intent. 
See id.[1]

B.      Analysis

The trial court conducted a hearing at the State’s request to
determine whether appellant’s three defense experts, Drs. Thomas Allen, Larry
Pollock, and David Self, would be allowed to testify during the defense’s case-in-chief.  Appellant’s trial attorney explained to the
court that Drs. Allen and Pollock would testify as to how they arrived at the
conclusion that appellant had a problem in executive functioning.  The attorney further explained that in doing
so, their testimonies would lay the foundation for the expert opinion of Dr.
Self that, as a result of appellant’s deficient executive functioning,
appellant acted only recklessly and did not possess the requisite mental state
for murder—either intentionally or knowingly causing the result of death or
intentionally causing the result of serious bodily harm.  See
Tex. Penal Code Ann. § 19.02(b)(1)–(2) (West 2003). 
The attorney represented to the trial court that the doctors were not
going to testify that appellant lacked the capacity to form criminal
intent.  

The doctors’ expert
reports were entered into the record for the purposes of that hearing
only.  According to Dr. Allen’s report,
appellant had “an awareness of increasing difficulty with what appears to be
working memory and impaired executive functioning, most likely a part of age
related changes and poor general health, but there could be other causes.”  Additionally, “[w]hile functioning within the
normal limits of intelligence [appellant] is showing impairment in executive
functioning and working memory.  He can
be easily confused, especially under stressful circumstances.”

Dr. Pollock’s report states that the results of appellant’s
“neuropsychological evaluation revealed significant neurocognitive
impairments.  Deficits were found in . . . executive functioning,” specifically,
“visual tracking and speed of auditory processing.”  Further, appellant’s “deficits in executive
functioning cause him to have problems in multitasking, planning and organization,
and speed and flexibility of thinking.”

Dr. Self’s report defines executive functioning as “a set of
cognitive abilities that control and regulate other abilities and
behaviors.  Executive functions are
necessary for goal-oriented behavior.  They
include the ability to initiate and stop actions, to monitor and change
behavior as needed, and to plan future behavior when faced with novel tasks and
situations.  Executive functions allow us
to anticipate outcomes and abstractly are often considered components of
executive function.”  Dr. Self’s report explained
that at the time of the incident, “[appellant’s] already deficient executive
brain function was totally overwhelmed, causing his [sic] to act in an
extremely reckless manner.  He was
momentarily unable to abort his course of action and chose [sic] from the
available alternative courses appropriate to the situation.”

          The
expert reports fail to show that appellant did not act intentionally or
knowingly, nor do they show that appellant acted recklessly.  The reports do not discuss how appellant’s
mental functioning would affect his ability to act intentionally, knowingly, or
recklessly.  Although his report
concludes that appellant acted in an “extremely reckless manner,” Dr. Self
premises that determination on the assertion that appellant was “momentarily
unable to abort his course of action and chose [sic] from the available
alternative courses appropriate to the situation.”  This does not meet the
definition for recklessness in the penal code, which requires proof that the
person was aware of but consciously disregarded a substantial and unjustifiable
risk that the circumstances existed or the result would occur.  See Tex.
Penal Code Ann. § 6.03(c).  Similarly, Dr. Self’s testimony concerning appellant’s
inability to abort his course of action and choose from the available
alternative courses does not address whether appellant knew that his conduct
was reasonably certain to cause the result. 
See id. § 6.03(a).  The
expert reports, therefore, fail to show that appellant did not act knowingly
and do not show that appellant acted recklessly.   

In short, while
appellant’s attorney explained to the trial court that his experts would
testify that he acted only recklessly and did not possess the requisite mental
state for murder, the expert reports do not support
that testimony.  We hold the trial court
did not abuse its discretion in excluding appellant’s expert testimony.  See
Sexton v. State, 93 S.W.3d 96, 99 (Tex. Crim. App.
2002).    

Appellant also argues that the erroneous exclusion of the
expert testimony denied him his constitutional rights to present a
defense.  See U.S. Const. amend. XIV; Tex. Const. art. I, § 1.  However, this
argument is premised on appellant’s claim that the trial court abused its
discretion in excluding his experts’ testimony. 
Accordingly, we do not reach appellant’s constitutional claim.  

We overrule appellant’s second issue.

 

 

Conclusion

We affirm the judgment of the trial court.  

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.  See Tex. R.
App. P. 47.2(b).











[1]           See, e.g., United States v. Cameron, 907 F.2d 1051, 1067–68 (11th Cir. 1990)
(stating, “evidence offered as ‘psychiatric evidence to negate specific intent’
is admissible . . . when such evidence focuses on the defendant’s specific
state of mind at the time of the charged offense,” but holding that defendant
failed to demonstrate how her expert’s generalized psychiatric testimony would
negate intent in drug-trafficking prosecution).