

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00081-CR

MARIAH WOOLDRIDGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 083192-B-CR, Honorable Titiana Frausto, Presiding

December 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Mariah Woolridge, appeals her conviction for the offense of assault on a public servant[1] and sentence of two years' imprisonment. The sentence of incarceration was suspended with Appellant placed on community supervision for a period of four years. We affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b-2).

## FACTUAL AND PROCEDURAL BACKGROUND

In the morning of August 15, 2022, Potter County sheriff's deputies Rashondric Sheppard and Javier Galvan were dispatched to a rural residence outside of Amarillo to investigate a 9-1-1 call about a person trespassing on private property while "yelling and acting very strangely." Sheppard and Galvan were able to locate the person, who was later identified as Appellant, in a pasture. Appellant was acting "hysterical in a sense" but she was able to give her name and date of birth. During her interaction with the officers, Appellant made a statement indicating that she might commit suicide. Perceiving that Appellant might be a danger to herself, the officers attempted to place her under arrest for an "emergency mental health evaluation . . . ." While effectuating the arrest, Appellant kicked Galvan hard in the genital area. The officers forced Appellant to the ground and secured her in handcuffs. Galvan indicated that the kick "hurt a lot," but that he did not need medical attention.

Appellant was subsequently indicted for the offense of assault on a public servant. At trial, the State offered redacted versions of the body cam videos of Sheppard and Galvan. Appellant requested that the unredacted body cam videos be played for the jury. The trial court denied Appellant's request.[2] During closing arguments, Appellant argued that the State should have called other witnesses to present the complete picture of what transpired. In response, the State, focusing on the charged offense, said, "[W]ho are the only three people present during the assault of Deputy Galvan? Deputy Galvan and

---

[2] The trial court did allow a portion of the videos containing the officers' interaction with the complaining homeowners to be shown to the jury, but not the remainder of the videos.

2

Deputy Sheppard, and the Defendant, Mariah Wooldridge. Deputy Sheppard and Deputy Galvan are the two witnesses you heard from. Ms. Wooldridge, absolute right not to testify against herself." Appellant objected to this statement as constituting a comment on her right not to testify. The trial court overruled Appellant's objection but stated that "the jury is instructed, as I've read to you in the instructions, that the Defendant has the right throughout these [sic] proceeding, as the law provides, to not testify." At the close of evidence, the jury found Appellant guilty and assessed her punishment at two years' incarceration but recommended that the sentence be suspended in favor of community supervision. The trial court entered judgment in accordance with the jury's verdicts and placed Appellant on community supervision for a period of four years. From this judgment, Appellant timely appealed.

By her appeal, Appellant presents three issues. By her first issue, Appellant contends that the trial court erred by refusing to allow her to show the jury the unredacted body cam videos of the events occurring on the day Appellant was arrested. Appellant contends, by her second issue, that the State violated her constitutional right to remain silent by stating, during closing arguments, that she had an absolute right not to testify. Appellant's third issue contends, in the alternative to her second issue, that the State's comment on Appellant's right to remain silent violated Texas statutory law.

### ISSUE ONE: EXCLUSION OF EVIDENCE

By her first issue, Appellant contends that the trial court abused its discretion by overruling her request to admit the full body cam recordings into evidence under the Rule of Optional Completeness and, by so ruling, denied her the opportunity to present several

3

defensive theories. The State responds that the trial court's ruling was not erroneous because the full recordings added nothing meaningful to and did not explain or assist the jury's understanding of the evidence of Appellant's guilt. Further, admitting the unredacted recordings would have unnecessarily prolonged the trial.

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id.*

Error in the admission or exclusion of evidence is generally reviewed for non-constitutional error. *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). The exception is when evidence offered by the defendant is erroneously excluded and that evidence is so vital to the defendant's theory of the case that it effectively prevents the defendant from presenting a defense. *Id.* An appellate court must disregard a non-constitutional error that does not affect the defendant's substantial rights. Tex. R. App. P. 44.2(b). If, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly, we will not reverse a conviction. *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023). We will only reverse a conviction for non-constitutional error if we have "grave doubt" about whether the result of the trial was substantially influenced by the error. *Barshaw v. State*, 342 S.W.3d 91, 94 (Tex. Crim. App. 2011). A "grave doubt" exists when, "in the judge's mind, the matter

4

is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.*

The Rule of Optional Completeness, as applicable to the present case, provides that when a party introduces part of a recording, an adverse party may inquire into any other part of the recording on the same subject and may introduce any recording that is necessary to explain or allow the jury to fully understand the part offered by the proponent. TEX. R. EVID. 107. "This rule is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter 'opened up' by the adverse party." *Walters*, 247 S.W.3d at 217–18. Its purpose is to reduce the possibility of the jury receiving a false impression from hearing only part of a recording. *Id.* at 218. This rule does not permit the introduction of similar, but inadmissible, evidence unless it is necessary to explain the properly admitted evidence. *Id.*

In the present case, the State's redacted versions of the officers' body cam recordings were approximately thirty and two minutes long. After Appellant objected, the trial court admitted recordings of the deputies' initial interaction with the complaining property owners. By contrast, the unredacted versions of the body cam recordings offered by Appellant are each approximately two hours long. The footage that was omitted from the redacted recordings consisted mostly of Galvan's discovery that the key fob to his patrol car had become dislodged from his clothing, the officers' search for the missing key fob, and Appellant exhibiting a calmer demeanor while being considerably more lucid once placed in the patrol car.

5

Appellant contends that the unredacted video should have been shown to the jury because, in the redacted version, the officers indicate that Appellant might have been "under the influence of something." Appellant correctly contends that voluntary intoxication is not a defense to assault.[3] She argues that the unredacted video showing her calm and lucid would have allowed the jury to conclude that she was not intoxicated. However, the redacted video leaves the decided impression that Appellant was not intoxicated. Sheppard asked Appellant multiple times if she had taken any medicine or drugs and she consistently denied having done so. The rationale for the officers' decision to arrest Appellant was to obtain a mental health examination. Finally, the fact that Appellant was calm and lucid once placed in the patrol car does not establish that she was not under the influence of narcotics. Thus, admission of the unredacted recording would not have made the redacted portions of the recording "fully and fairly understood." *Castillo v. State*, 573 S.W.3d 869, 879 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Sauceda v. State*, 129 S.W.3d 116, 123 (Tex. Crim. App. 2004)).

Appellant also contends that the unredacted recording "would have allowed the jury to wonder whether Deputy Sheppard . . . sufficiently remembered the events to make his testimony reliable . . . ." The primary focus of Appellant's argument is on the fact that Sheppard initially testified that the key fob that had been lost in the field was necessary to operate the patrol car. On cross-examination, Sheppard acknowledged that the car is operational without the key fob. However, Galvan testified that the deputies were ordered by their supervisor to stay on the property until they found the missing key fob. Since this

---

[3] *See* TEX. PENAL CODE ANN. § 8.04(a) ("Voluntary intoxication does not constitute a defense to the commission of crime.").

6

matter was clarified by the deputies in testimony heard by the jury, the admission of the unredacted body cam recordings were not "necessary to explain properly admitted evidence." *Walters*, 247 S.W.3d at 218.

For the first time, in her reply brief, Appellant argues that the unredacted recordings included statements made by Deputy Galvan that were inconsistent with his trial testimony relating to whether Appellant kicking him in the genital area caused him pain. At the time that the redacted recording was offered, Appellant did not identify the portion of the unredacted recording where Galvan discussed his pain as "necessary to explain or allow the trier of fact to fully understand the part offered by" the State. TEX. R. EVID. 107. Similarly, at the time Galvan testified to the pain caused by Appellant kicking him, Appellant cross-examined him regarding his statements made on the unredacted recording but did not offer that portion of the recording. *See id.* The Court is aware that Appellant obtained a running objection to "any reference to State's Exhibit Number 1 or the jury's viewing of it," but her objection failed to identify this aspect of the unredacted recording as a ground for its admission into evidence under the Rule of Optional Completeness and, therefore, we conclude that this argument was not preserved for appellate review. TEX. R. APP. P. 33.1(a).

Because the unredacted body cam recordings were not necessary to correct any materially false impressions left on the jury from the redacted recordings, we conclude that the trial court did not abuse its discretion in denying Appellant's request to admit the unredacted recordings and overrule Appellant's first issue.

7

**ISSUES TWO AND THREE: COMMENT ON APPELLANT'S RIGHT NOT TO TESTIFY**

By her second issue, Appellant contends that the State violated her constitutional right not to testify by commenting on that right in its closing argument. Appellant's third issue contends that, if we do not find the State's comment to violate Appellant's constitutional rights, it was made in violation of article 38.08 of the Texas Code of Criminal Procedure. The State responds contending that its comment was invited by Appellant's argument and could not be taken as a comment on Appellant's right not to testify in the context in which it was made. Further, even if error, the State contends that the trial court cured that error by explicitly instructing the jury that it could not give any consideration to Appellant not testifying.

We utilize the abuse of discretion standard when reviewing a trial court's ruling on an objection to improper jury argument. *Martin v. State*, 570 S.W.3d 426, 439 (Tex. App.—Eastland 2019, pet. ref'd) (citing *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010)). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules and principles. *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016). We will uphold the trial court's ruling unless it was "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)).

A prosecutor's comment on a defendant's failure to testify violates both the state and federal constitutions as well as Texas statutory law. *Acosta v. State*, No. AP-77,092, 2024 Tex. Crim. App. Unpub. LEXIS 225, at *117 (Tex. Crim. App. June 5, 2024) (per

curiam) (not designated for publication); *see* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08. However, "the implication that the State referred to the defendant's failure to testify must be a clear and necessary one. If the language might reasonably be construed as merely an implied or indirect allusion, there is no violation." *Gonzalez v. State*, 616 S.W.3d 585, 2020 Tex. Crim. App. LEXIS 921, at *123 (Tex. Crim. App. Nov. 4, 2020) (within the portion of the opinion which was not designated for publication) (quoting *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011)). In assessing whether a prosecutor's argument violates a defendant's Fifth Amendment rights, "courts must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument." *Randolph*, 353 S.W.3d at 891. Courts are not to find that the prosecutor manifestly intended to comment on the defendant's failure to testify "if some other explanation for his remark is equally plausible." *Id.* We must determine "whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id.* The context in which the comment was made is an important factor. *Id.*

In her closing, Appellant criticized the State's case against her for only presenting two witnesses, the arresting deputies, when, according to her, it should have called others, including: the complaining homeowners, the 9-1-1 operator who received the complaint, the arresting deputies' supervisor, the firefighters and/or paramedics who attended to Appellant after she was arrested, and the doctors and nurses who examined Appellant at the hospital and Pavilion. In its closing, the State responded by drawing attention to the fact that there were only three witnesses to the actual crime for which

9

Appellant was charged: the two deputies and Appellant. It did so while also expressly reminding the jury that Appellant has an "absolute right not to testify against herself." We conclude that the State's argument was invited by and responsive to Appellant's closing argument. *See Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991) (en banc) (areas of proper jury argument include response to argument of opposing counsel). Because the State's indirect allusion to Appellant's failure to testify was invited by Appellant and was constrained to the area of invitation, we conclude that the State's comment does not constitute reversible error. *See Allen v. State*, 693 S.W.2d 380, 386 (Tex. Crim. App. 1985) (en banc) (op. on reh'g) (State's "indirect allusion" to defendant's failure to testify was invited by defendant's argument about evidentiary inadequacy); *Pabon v. State*, No. 02-18-00517-CR, 2019 Tex. App. LEXIS 8017, at *14 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op., not designated for publication) ("Based on our review of the entire closing argument, we hold that the prosecutor was responding to defense counsel's argument discussing the witnesses and evidence that the State had not offered in the jury's presence. Such a response is permissible."); *Darby v. State*, 922 S.W.2d 614, 618 (Tex. App.—Fort Worth 1996, pet. ref'd) ("An indirect allusion to a defendant's failure to testify is not reversible error when invited by argument of the defendant, if the prosecutor confines the invited argument to the area of invitation."); *Martinez v. State*, 851 S.W.2d 387, 389 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd) ("The prosecutor may answer opposing counsel's jury argument so long as the

response does not exceed the scope of the invitation. The invitation may even properly include an allusion to the accused's failure to testify." (internal citations omitted)).[4]

None of the cases cited by Appellant to establish that the State's comment constitutes reversible error involved situations where the defendants made arguments that invited the challenged comments by the prosecutors. *See Trevino v. State*, 979 S.W.2d 78, 80 (Tex. App.—Austin 1998, pet. ref'd) ("The prosecutor's remarks were uninvited . . . ."); *see also McDaniel v. State*, 524 S.W.2d 68, 69 (Tex. Crim. App. 1975) (prosecutor's comment on defendant's failure to testify not invited by defendant's argument); *Torrez v. State*, No. 07-24-00003-CR, 2024 Tex. App. LEXIS 4723, at *8 (Tex. App.—Amarillo July 5, 2024, no pet.) (mem. op., not designated for publication) (same); *Whitehead v. State*, 437 S.W.3d 547, 550–51 (Tex. App.—Texarkana 2014, pet. ref'd) (same); *Cantu v. State*, 395 S.W.3d 202, 210 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (same); *Crocker v. State*, 248 S.W.3d 299, 303 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (same); *Dietz v. State*, 692 S.W.2d 593, 595 (Tex. App.—Beaumont 1985, pet. ref'd) (same). Further, in her briefing, Appellant acknowledges that the State did not emphasize its comment.

Being mindful that we "must view the State's argument from the jury's standpoint and resolve any ambiguities in the language in favor of it being a permissible argument,"

---

[4] Appellant, in her brief, cites *United States v. Robinson*, 485 U.S. 25, [33], 108 S. Ct. 864, 99 L. Ed. 2d 23 (1988), and *Busby v. State*, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008), as establishing that a prosecutor's comment on a defendant's failure to testify does not contravene the defendant's rights if the defendant's argument opens the door to the prosecutor's comment. Notably, Appellant's brief does not distinguish these holdings; rather, it simply cites other cases that are distinguishable in that they do not address situations in which the defendant opened the door to the prosecutor's argument, as addressed below.

11

*Randolph*, 353 S.W.3d at 891, we conclude that the State's closing argument was merely an indirect allusion to Appellant's failure to testify that was invited by Appellant and was constrained to the area of invitation.  Thus, we conclude that the comment was not reversible error under the federal or state constitution or statutory authority.[5]  *Allen*, 693 S.W.2d at 386; *Pabon*, 2019 Tex. App. LEXIS 8017, at *14; *Darby*, 922 S.W.2d at 618; *Martinez*, 851 S.W.2d at 389.  We overrule Appellant's second and third issues.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[5] Appellant's third issue is presented in the alternative and contends that, even if we conclude that the State's comment was not a direct comment on Appellant's failure to testify, the comment violated her statutory rights under Texas Code of Criminal Procedure article 38.08, which prohibits even an allusion to a defendant's failure to testify.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.08.  Above, we acknowledged that the State's comment was an indirect allusion.  However, our analysis that the State's argument in this case was permissible is based on it being invited by Appellant's argument.  Thus, we conclude that the trial court did not err in overruling Appellant's objection under statutory law.